UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

HOME DEPOT, U.S.A., INC.,

  
07 CV 3502

                    Plaintiff,                **COMPLAINT**

          -against-

                                             **JURY TRIAL**
CHUBB GROUP OF INSURANCE COMPANIES,          **REQUESTED**

                    Defendant.

--------------------------------------------------------------------x

Plaintiff HOME DEPOT, U.S.A., INC., by its attorneys, Herzfeld & Rubin, P.C.,

complaining of the Defendant CHUBB GROUP OF INSURANCE COMPANIES, alleges, upon

information and belief, as follows:

### PARTIES AND JURISDICTION

    1.    At all relevant times, Plaintiff HOME DEPOT, U.S.A., INC. (hereinafter

"HOME DEPOT") was and is a corporation organized and existing under the laws of the State of

Delaware.

    2.    At all relevant times, HOME DEPOT'S principal place of business is

located in the State of Georgia.

    3.    At all relevant times, Defendant CHUBB GROUP OF INSURANCE

COMPANIES (hereinafter "CHUBB") was and is an insurance company organized and existing

under the laws of the State of New Jersey.

    4.    At all relevant times, CHUBB'S principal place of business is located in

the State of New Jersey.

5.     The amount in controversy is $100,000 as stated in the complaint filed by the plaintiff in a related matter which serves as the basis for this action.

6.     This Court has original jurisdiction to determine this controversy pursuant to 28 U.S.C. §1332(a).

## THE HARLEYSVILLE ACTION

7.     On June 5, 2006, Harleysville Insurance Company of New York, as the subrogee of its insured, Coachlight Square on the Hudson Condominium Association, commenced an action against HOME DEPOT and MAYTAG CORPORATION (hereinafter "the Harleysville action.")

8.     The Harleysville action was commenced in the Supreme Court of the State of New York, Westchester County, under Index Number 10455/06 and was removed to U.S. District Court for the Southern District of New York under Civil Case Number 06 CIV 5612.

9.     Annexed hereto as Exhibit "A", without admitting the truth of any allegation contained therein, is a copy of the summons and verified complaint in the Harleysville action.  Annexed hereto as Exhibit "B" are copies of the answers served by all defendants HOME DEPOT and MAYTAG CORPORATION in the Harleysville action.

10.     According to the complaint in the Harleysville action, Coachlight Square on the Hudson Condominium Association made a claim pursuant to a property fire insurance policy issued by Harleysville Insurance Company of New York.  The loss arose from a fire at premises owned or operated by Coachlight Square on the Hudson Condominium Association, Montrose, New York, on April 2, 2005.

11.     According to the complaint in the Harleysville action, Harleysville Insurance Company of New York paid $100,000 to its insured, Coachlight Square on the Hudson Condominium, in accordance with its property fire insurance policy.

12.     According to the complaint in the Harleysville action, the fire and resulting damages were caused by a clothing dryer designed and manufactured by MAYTAG CORPORATION and sold by HOME DEPOT.

13.     HOME DEPOT has admitted that it sold the dryer which is the subject of the Harleysville action.

14.     MAYTAG CORPORATION disclosed during the course of the Harleysville action that Samsung Electronics Co., Ltd. manufactured the relevant dryer and that Samsung Electronics Co., Ltd. has therefore assumed MAYTAG CORPORATION'S defense and indemnification.

15.     MAYTAG CORPORATION disclosed during the course of the Harleysville action that Samsung Electronics Co., Ltd. is an insured under CHUBB Policy Number 3517-14-11OID effective from June 13, 2004 to June 13, 2005 ("CHUBB Policy").

16.     MAYTAG CORPORATION disclosed during the course of the Harleysville action that CHUBB is defending and indemnifying MAYTAG CORPORATION in connection with that action.

17.     HOME DEPOT is an insured under the CHUBB Policy.

18.     Upon information and belief, the CHUBB Policy contains an endorsement which provides liability coverage to vendors who sell or distribute products manufactured by the CHUBB insured.

19.    HOME DEPOT is a vendor entitled to liability coverage from CHUBB pursuant to the aforementioned endorsement, among other possible grounds.

20.    CHUBB received timely notice of the occurrence upon which the Harleysville action is based from MAYTAG CORPORATION and/or other sources.

21.    CHUBB received timely notice of the commencement of the Harleysville action from MAYTAG CORPORATION and/or other sources.

22.    . CHUBB received timely notice of HOME DEPOT's request for defense and indemnification in connection with the Harleysville action.

23.    CHUBB has failed and/or refused to comply with its contractual obligation under the CHUBB policy to defend and indemnify HOME DEPOT in connection with the Harleysville action.

24.    CHUBB has failed or refused to respond to HOME DEPOT'S demand that it defend and indemnify HOME DEPOT.

25.    An actual controversy has arisen and now exists between HOME DEPOT and CHUBB with respect to the rights and duties of each under the terms of the CHUBB policy. HOME DEPOT contends that it is entitled to a defense and indemnity in connection with the Harleysville action. CHUBB has failed to acknowledge its duty to defend and indemnify HOME DEPOT with respect to the Harleysville action.

26.    A judicial declaration is necessary as to HOME DEPOT'S rights and CHUBB's obligations under the CHUBB policy with respect to coverage for the Harleysville action.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(Declaratory Relief)

27.    HOME DEPOT incorporates by reference the allegations contained in

paragraphs 1 through 26 as though fully set forth herein.

28.    By reason of the foregoing, HOME DEPOT is entitled to a declaration that

CHUBB is required to defend HOME DEPOT in the Harleysville action.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
(Declaratory Relief)

29.    HOME DEPOT incorporates by reference the allegations contained in

paragraphs 1 through 28 as though fully set forth herein.

30.    By reason of the foregoing, HOME DEPOT is entitled to a declaration that

CHUBB is required to indemnify HOME DEPOT in the Harleysville action.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
(Declaratory Relief)

31.    HOME DEPOT incorporates by reference the allegations contained in

paragraphs 1 through 30 as though fully set forth herein.

32.    By reason of the foregoing, HOME DEPOT is entitled to a declaration that

CHUBB is required to reimburse HOMDE DEPOT for fees, costs and expenses incurred in

defending the Harleysville action.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
(Breach of Contract)

33.    HOME DEPOT incorporates by reference the allegations contained in

paragraphs 1 through 32 as though fully set forth herein.

34.    CHUBB has breached its insurance agreement with HOME DEPOT by its failure and refusal to honor its duties and obligations to defend and indemnify HOME DEPOT for liability and costs incurred in connection with the Harleysville action.

35.    As a direct result of the breach of the insurance agreement by CHUBB, HOME DEPOT has been damaged and will continue to suffer damages in connection with the Harleysville action.

36.    By reason of the foregoing, HOME DEPOT will be damaged in the amount of all sums expended on its behalf in defense of the Harleysville action and all amounts, if any, in any adjudication or resolution thereof together with interest thereon.

AS AND FOR A FIFTH CAUSE OF ACTION
(Declaratory Relief)

37.    HOME DEPOT incorporates by reference the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38.    HOME DEPOT is entitled to a declaration that CHUBB has waived any right it may have had to disclaim coverage and all its policy defenses pursuant to N.Y. Insurance Law §3420, and is required to defend and indemnify HOME DEPOT and reimburse fees, costs and expenses incurred by HOME DEPOT to the Harleysville action.

JURY DEMAND

39.    Plaintiff requests a jury trial on each of the allegations.

WHEREFORE, Plaintiff HOME DEPOT prays for judgment in its favor and against Defendant CHUBB GROUP OF INSURANCE COMPANIES as follows:

(A)    With respect to the CHUBB policy, a declaration:

(i)     that CHUBB is obligated to defend HOME DEPOT and to pay all costs and expenses incurred or to be incurred in connection with the defense of the Harleysville action;

(ii)    that CHUBB is obligated to indemnify HOME DEPOT and to pay any amounts which may be awarded against or paid in settlement by or on behalf of HOME DEPOT in the Harleysville action;

(iii)   that CHUBB is obligated to reimburse HOME DEPOT for all fees, costs and expenses incurred or to be incurred in connection with the defense of the Harleysville action;

(B)    for compensatory damages for breach of contract against CHUBB, consisting of all damages, costs and payments incurred or which will be incurred by HOME DEPOT in connection with the Harleysville action, including attorney's fees, expert fees, investigative costs, and amounts which may be paid in settlement or awarded in judgment;

(C)    for costs of the suit incurred herein;

(D)    for pre- and post-judgment interest at the legal rate;

(E)    for attorney's fees to the extent permitted by applicable law and/or agreement; and

(F)    for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
May 1, 2007

HERZFELD & RUBIN, P.C.
Attorneys for Plaintiff
Home Depot, U.S.A., Inc.

By:    _____
Jeffrey L. Chase
40 Wall Street
New York, New York 10005
(212) 471-8500

STATE OF NEW YORK
SUPREME COURT                COUNTY OF WESTCHESTER

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
as Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

                                    *Plaintiff,*                           **SUMMONS**

          -against-                                              Index No.: 06 - 10455

THE HOME DEPOT, U.S.A., INC.                              Date Filed: 6 - 05 - 06
Mohegan Lake, New York, 10547           JUN - 5 2006
          and
MAYTAG CORPORATION,                     TIMOTHY C. IDONI
403 West 4th Street North,                    CLERK
Newton, Iowa 50208,                     COUNTY OF WESTCHESTER

                                    *Defendants.*

**RECEIVED**

TO THE ABOVE-NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to

the complaint in this action within twenty days after the service of this summons, exclusive of the day of

service, or within thirty days after service is complete if this summons is not personally delivered to you

within the State of New York. In case of your failure to answer, judgment will be taken against you by

default for the relief demanded in the complaint.

DATED:  May 25, 2006

                              **HISCOCK & BARCLAY, LLP**

                              By: _____
                                        John R. Casey
                              Attorneys for Plaintiff
                              Office and Post Office Address
                              50 Beaver Street
                              Albany, New York 12207-2830
                              Telephone: (518) 434-2163

Trial is desired in the County of Westchester.
The basis of venue designated above is that
plaintiff's insured has its principal place of
business in the County of Westchester.

ALLIB01\138899\1
302077-3013873