STATE OF NEW YORK
SUPREME COURT       COUNTY OF WESTCHESTER

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
as Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

*Plaintiff,*

-against-

THE HOME DEPOT, U.S.A., INC.
and MAYTAG CORPORATION,

*Defendants.*

COMPLAINT

Index No.



RECEIVED
JUN - 5 2006
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff, Harleysville Insurance Company of New York as subrogee of Coachlight Square On The Hudson Condominium Association, for a complaint against the defendants, The Home Depot, U.S.A., Inc. and Maytag Corporation, by its attorneys, Hiscock & Barclay, LLP, alleges:

1. At all times hereinafter mentioned, the plaintiff was an insurance company duly organized and existing under and by virtue of the laws of the State of New York and authorized to transact business in the State of New York.

2. At all times hereinafter mentioned, Coachlight Square On The Hudson Condominium Association, was and still is an unincorporated association organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at Coachlight Square, Montrose, Westchester County, New York.

3. Prior to the 2nd day of April, 2005, the plaintiff issued a policy of property fire insurance to its insured, Coachlight Square On The Hudson Condominium Association, insuring the property owned and operated by Coachlight Square On The Hudson Condominium Association located at Coachlight Square, Montrose, Westchester County, New York.

ALLIB01\1388991.1
302077-3013873

4. At all times hereinafter mentioned, defendant, The Home Depot, U.S.A., Inc. (hereinafter "Home Depot") was and still is a foreign corporation duly authorized and licensed to transact business and/or transacting business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant, Maytag Corporation, was and still is a foreign corporation duly authorized and licensed to transact business in the State of New York.

6. At all times hereinafter mentioned, plaintiff was the owner of a certain building and premises known as Coachlight Square on the Hudson, consisting of condominium units.

7. Upon information and belief, prior to the 2nd day of April, 2005, defendant, Home Depot, sold a certain Maytag electric dryer to Paul Grillo, an owner and occupant of one of the condominium units located at Coachlight Square.

8. Upon information and belief, prior to the 2nd day of April, 2005, defendant, Home Depot, delivered and installed the aforesaid electric dryer in the unit owned and occupied by the said Paul Grillo, to wit, Unit 114, Coachlight Square.

9. Upon information and belief, the aforesaid electric dryer was designed, manufactured, distributed and sold to Home Depot by the defendant, Maytag Corporation.

10. On or about the 2nd day of April, 2005, the aforesaid electric dryer malfunctioned while in use in Unit 114, Coachlight Square, resulting in a fire.

11. The aforesaid fire caused substantial damage to the Coachlight Square Condominiums.

12. As a result of the foregoing, the plaintiff was obligated to indemnify its insured, Coachlight Square On The Hudson Condominium Association for the damages sustained to its property pursuant to the policy of insurance issued by the plaintiff to its insured.

13. As a result of the foregoing, plaintiff is subrogated to the rights of its insured with respect to

the loss and damage sustained.

### FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

14. Repeats and realleges each and every allegation contained in the foregoing complaint as i[f] herein fully set forth.

15. Upon information and belief, the defendant, Maytag Corporation, designed, manufactured, distributed and sold the aforesaid electric dryer.

16. Upon the sale of the aforesaid electric dryer, the defendant, Maytag Corporation, made certain express and implied warranties, among other things, that the aforesaid electric dryer was of merchantable quality, was fit for the purpose for which intended, was free from defects of material and workmanship and was in all respects safe for use as an electric dryer.

17. The aforesaid warranties were untrue, breached and violated in that the said electric dryer was not of merchantable quality, was not fit for the particularly purpose for which intended, was not free from defects of material and workmanship and it was not safe for use as an electric dryer and was, in fact, defective.

18. As a result of the foregoing defects then and there existing, the said electric dryer malfunctioned on or about the 2nd day of April, 2005 resulting in the aforesaid loss and damage.

### FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

19. Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

20. Defendant, Maytag Corporation, was negligent in the design, manufacture, distribution and

sale of the aforesaid electric dryer.

21. The negligence of the defendant, Maytag Corporation, it authorized officers, directors, agents, servants, employees and subcontractors, consisted, among other things, in then and there failing to properly design, manufacture, distribute and sell the said electric dryer, in failing to properly inspect the electric dryer, in failing to correct the dangers then and there existing, and in failing to utilize property quality control procedures.

22. As a result of the foregoing, plaintiff sustained loss and damage as aforesaid.

### FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

23. Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

24. The aforesaid electric dryer was defective.

25. Defendant, Maytag Corporation, is strictly liable for the aforesaid loss and damage.

### FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

26. Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

27. Upon the sale of the aforesaid dryer, defendant, Home Depot, made certain express and implied warranties, among other things, that the aforesaid electric dryer was of a merchantable quality, was fit for the particular purpose for which intended, was free from defects of material and workmanship and was in all respects safe for its intended use as an electric dryer.

28. Upon information and belief, the aforesaid warranties were untrue, breached and violated in

that the aforesaid electric dryer was not of merchantable quality, was not fit for the purpose of which intended, was not free from defects of material and workmanship and was defective and dangerous and not safe for the intended use as an electric dryer.

29. As a result of the aforesaid breaches and violations of warranty on the part of the defendant Home Depot, the plaintiff sustained loss and damage to its condominium units in the sum of $100,000.00.

## FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

30. Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

31. Defendant, Home Depot, its duly authorized officers, directors, agents, servants and employees, were negligent in the sale, delivery and installation of the aforesaid electric dryer.

32. The negligence of the defendant, Home Depot, its authorized officer, directors, agents, servant, employees and subcontractors, consisted, among other things, in then and there failing to properly inspect the aforesaid electric dryer, in failing to install the aforesaid electric dryer properly, in failing to utilize the appropriate electric appliance cord for the electric dryer, failing to warn the plaintiff and other users of the electric dryer of the dangers and defects then and there existing, and the defendant was otherwise negligent.

33. As a result of the foregoing, plaintiff sustained loss and damage as aforesaid.

## FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

34. Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

35. The defendant, Home Depot, is strictly liable for the aforesaid loss and damage.

**WHEREFORE**, plaintiff demands judgment against the defendants in the sum of $100,000, together with interest thereon from the 2nd day of April, 2005, together with the costs and disbursements of the within action.

**DATED:** May 26, 2006

**HISCOCK & BARCLAY, LLP**

By: _____
John R. Casey

Attorneys for Plaintiff
Office and Post Office Address
50 Beaver Street
Albany, New York 12207-2830
Telephone: (518) 434-2163

Index No. 06-10485

**STATE OF NEW YORK
SUPREME COURT**                                               COUNTY OF WESTCHESTER

---

**HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
as Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,**

                                                              Plaintiff,

-against-

**THE HOME DEPOT, U.S.A., INC.
and MAYTAG CORPORATION,**

                                                              Defendants.

---

**SUMMONS AND COMPLAINT**

---

*Hiscock & Barclay, LLP*
Attorneys for Plaintiff
50 Beaver Street
Albany, New York 12207-2830
(518) 434-2163

---

*PLEASE TAKE NOTICE*

☐             that the within is a (certified) true copy of
NOTICE OF     entered in the office of the clerk of the within named Court on
ENTRY

*DATED:*

*TO:*
       Attorney for

                          *Hiscock & Barclay, LLP*
                          Attorneys for