**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HARLEYSVILLE INSURANCE COMPANY OF             06 CIV 5612 (SCR)
NEW YORK, as Subrogee of COACHLIGHT
SQUARE ON THE HUDSON CONDOMINIUM
ASSOCIATION,

                              Plaintiff,

              -against-                        **ANSWER**
                                              **WITH CROSS-CLAIMS**

THE HOME DEPOT, U.S.A., INC.,
Mohegan Lake, New York, 10547
And MAYTAG CORPORATION, 403 West
4th Street North, Newton,
Iowa 50208,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

          Defendant, HOME DEPOT U.S.A., INC. s/h/a THE HOME

DEPOT, U.S.A., INC., Mohegan Lake, New York, 10547 (hereinafter

"HOME DEPOT"), by its attorneys, SIMMONS, JANNACE & STAGG,

L.L.P., as and for its answer with cross-claims to the

complaint of plaintiff, responds as follows:

          1.    Denies knowledge and information sufficient to form a

belief as to the truth of the allegations contained in numbered

paragraph "1" of the complaint.

          2.    Denies knowledge and information sufficient to form a

belief as to the truth of the allegations contained in numbered

paragraph "2" of the complaint.

1

3.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "3" of the complaint.

4.    Admits the allegations contained in numbered paragraph "4" of the complaint.

5.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "5" of the complaint.

6.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "6" of the complaint.

7.    Denies the allegations contained in numbered paragraph "7" of the complaint.

8.    Denies the allegations contained in numbered paragraph "8" of the complaint.

9.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "9" of the complaint.

10.    Denies the allegations contained in numbered paragraph "10" of the complaint.

11.    Denies the allegations contained in numbered paragraph "11" of the complaint.

12.    Denies the allegations contained in numbered paragraph "12" of the complaint.

13. Denies the allegations contained in numbered paragraph "13" of the complaint.

## RESPONSE TO FIRST CAUSE OF ACTION AGAINST
## THE DEFENDANT, MAYTAG CORPORATION

14. Repeats and realleges the answers to numbered paragraphs "1" to "13" as fully set forth herein.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "15" of the complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "16" of the complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "17" of the complaint.

18. Denies the allegations contained in numbered paragraph "18" of the complaint.

## RESPONSE TO SECOND CAUSE OF ACTION AGAINST
## THE DEFENDANT, MAYTAG CORPORATION

19. Repeats and realleges the answers to numbered paragraphs "1" to "18" as fully set forth herein.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "20" of the complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "21" of the complaint.

22. Denies the allegations contained in numbered paragraph "22" of the complaint.

## RESPONSE TO THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

23. Repeats and realleges the answers to numbered paragraphs "1" to "22" of the complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "24" of the complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "25" of the complaint.

## RESPONSE TO FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

26. Repeats and realleges the answers to numbered paragraphs "1" to "25" as fully set forth herein.

27. Denies the allegations contained in numbered paragraph "27" of the complaint.

28. Denies the allegations contained in numbered paragraph "28" of the complaint.

29. Denies the allegations contained in numbered paragraph "29" of the complaint.

4

## RESPONSE TO SECOND CAUSE OF ACTION AGAINST
## THE DEFENDANT, HOME DEPOT

30. Repeats and realleges the answers to numbered paragraphs "1" to "29" as fully set forth herein.

31. Denies the allegations contained in numbered paragraph "31" of the complaint.

32. Denies the allegations contained in numbered paragraph "32" of the complaint.

33. Denies the allegations contained in numbered paragraph "33" of the complaint.

## RESPONSE TO THIRD CAUSE OF ACTION AGAINST
## THE DEFENDANT, HOME DEPOT

34. Repeats and realleges the answers to numbered paragraphs "1" to "33" as fully set forth herein.

35. Denies the allegations contained in numbered paragraph "35" of the complaint.

36. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause."

37. Defendant HOME DEPOT demands that liability, if any, be apportioned.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39.   Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injury.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40.   Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or was aggravated by the culpable conduct of plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41.   Upon information and belief, defendant never received actual or constructive notice of any defective or dangerous condition for which it had responsibility, and therefore, it cannot be liable for any alleged injuries sustained by plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42.   Upon information and belief, if plaintiff suffered any damages as alleged in the Complaint, such damages were as a

result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. If plaintiff suffered any damages as a result of the dangerous condition, all of which is denied, then plaintiff failed to mitigate such damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. This defendant will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45. The claims at issue may be barred in whole or I part by the terms, conditions, exclusions and applicable limits of liability agreed to by Paul Grillo.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46. HOME DEPOT may have additional defenses that cannot be articulated due to the generality of the Complaint, the failure of plaintiff to provide information about the underlying actions or claims, the absence of insuring documents, and/or the stage

of this litigation. Accordingly, HOME DEPOT reserves the right to supplement the foregoing and to assert additional defenses as may appear after the claims are particularized, and after discovery of information concerning the matters set forth in the Complaint.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST MAYTAG CORPORATION

47. If plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to plaintiff herein, all of which is specifically denied, then said answering defendant is entitled to indemnification from and judgment over and against the aforementioned co-defendant, for all or part of any verdict or judgment that plaintiff may recover against said answering defendant.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST MAYTAG CORPORATION

48. The answering defendant herein demands that the liability, if any, be apportioned and, therefore, the co-defendant will be liable to the answering defendant in the event judgment is recovered by the plaintiff in an amount equal to the excess over and above this answering defendant's equitable share of the judgment. The equitable share of the judgment of the answering defendant will be determined in accordance with the relative culpability of all the defendants herein.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST MAYTAG CORPORATION

49. Upon information and belief, pursuant to the agreement entered into between defendant MAYTAG CORPORATION and this defendant, defendant MAYTAG CORPORATION must defend and indemnify and hold this defendant harmless for any damages recovered by the plaintiff in this action, and accordingly, if the plaintiff herein recovers a verdict against this defendant for personal injuries as alleged in the complaint, MAYTAG CORPORATION will be required to indemnify and reimburse this defendant for its attorneys fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST MAYTAG CORPORATION

50. Upon information and belief, MAYTAG CORPORATION breached its contractual obligation by failing to procure insurance naming defendant HOME DEPOT as an additional insured.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's summons and complaint be dismissed in their entirety, and that defendant be awarded costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

9

Date:        Syosset, New York
             August 16, 2006

SIMMONS, JANNACE & STAGG, L.L.P.

By: _____
             KATHRYN FITZGERALD
Attorneys for Defendant
HOME DEPOT U.S.A., INC. s/h/a
THE HOME DEPOT, U.S.A., INC.,
Mohegan Lake, New York, 10547
**Office & P.O. Address:**
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3100
(516) 357-8100

TO:

HISCOCK & BARCLAY, LLP
Attorneys for Plaintiff
**Office & P.O. Address:**
50 Beaver Street
Albany, New York 12207-2830
(518) 434-2163

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
MAYTAG CORPORATION
**Office & P.O. Address:**
3 Gannett Drive
White Plains, New York 10604-3407

## CERTIFICATE OF SERVICE

RE:     **HARLEYSVILLE INSURANCE COMPANY OF NEW YORK, ET AL.**
        **v. HOME DEPOT U.S.A., INC. and MAYTAG CORPORATION**
        **CIVIL ACTION 06 CIV 5612 (SCR)**

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NASSAU      )

    I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **ANSWER WITH CROSS-CLAIMS** was made on August 17, 2006 by:

☐   Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

HISCOCK & BARCLAY, LLP
Attorneys for Plaintiff
**Office & P.O. Address:**
50 Beaver Street
Albany, New York 12207-2830
(518) 434-2163

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
MAYTAG CORPORATION
**Office & P.O. Address:**
3 Gannett Drive
White Plains, New York 10604-3407

Under penalty of perjury, I declare that the foregoing is true and correct.

                                    MARILYN C. AVONDET

Sworn to before me this
17th day of August, 2006

_____
NOTARY PUBLIC

SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3139
(516) 357-8100

JANET L. CORSIE
Notary Public, State of New York
No. 01CO6033230
Qualified in Nassau County
Commission Expires Nov. 15, 20 05

DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK.

INSURANCE COMPANY OF NEW YORK, as
EIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

Plaintiff(s),

-against-

THE HOME DEPOT, U.S.A., INC., Mohegan Lake, New York, 10547
And MAYTAG CORPORATION, 403 West 4th Street North,
Newton, Iowa 50208,

Defendant(s).

## ANSWER WITH CROSS-CLAIMS

## SIMMONS, JANNACE & STAGG, L.L.P.

*ATTORNEY(S) for Defendant HOME DEPOT U.S.A., INC.*
Office & Post Office Address
**75 JACKSON AVENUE, SUITE 100**
**SYOSSET, NEW YORK 11791**
**(516) 357-8100**

To

Attorney(s) for

Service a copy of the within        is hereby admitted

Dated,

Attorney(s) for                          .....................................

Please take notice

**NOTICE OF ENTRY**
☐ that the within is a (certified) true copy of a        duly entered in the office of the clerk of the within named
court on
**NOTICE OF SETTLEMENT**
☐ that an order      of which the within is a true copy will be presented for settlement to the HON.      one of
the judges  of the within Court, at

Dated,

Yours, etc.
**SIMMONS, JANNACE & STAGG, L.L.P.**
*ATTORNEY(S) for*
Office & Post Office Address
**75  JACKSON AVENUE, SUITE 100**
**SYOSSET, NEW YORK 11791**

To

Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x   06 CIV 5612

HARLEYSVILLE INSURANCE COMPANY OF NEW      :
YORK, as Subrogee of COACHLIGHT SQUARE ON
THE HUDSON CONDOMINIUM ASSOCIATION,        :

               Plaintiffs,                     :

       - against -                            :         **MAYTAG
                                                     CORPORATION'S
                                           :         ANSWER TO
THE HOME DEPOT, U.S.A., INC.                         PLAINTIFFS'
Mohegan Lake, New York, 10547              :         COMPLAINT**
       and
MAYTAG CORPORATION                         :
403 West 4th Street North,
Newton, Iowa 50208                         :

             Defendants.
-------------------------------------------------------------- x

     Defendant MAYTAG CORPORATION (hereinafter "MAYTAG") by its

attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for

their Answer to the Plaintiffs' complaint, dated May 26, 2006, alleges as follows upon

information and belief:

     1.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 1 of the Complaint.

     2.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 2 of the Complaint.

     3.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 3 of the Complaint.

     4.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 4 of the Complaint.

5.    MAYTAG admits the allegations contained in paragraph number 5 of the Complaint.

6.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 6 of the Complaint.

7.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 7 of the Complaint.

8.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 8 of the Complaint.

9.    MAYTAG denies the allegations contained in paragraph number 9 of the Complaint.

10.    MAYTAG denies the allegations contained in paragraph number 10 of the Complaint.

11.    MAYTAG denies the allegations contained in paragraph number 11 of the Complaint.

12.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 12 of the Complaint.

13.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 13 of the Complaint.

## FOR A FIRST CAUSE OF ACTION AGAINST THE
## DEFENDANT, MAYTAG CORPORATION

14.    In response to the averments contained in Paragraph 14 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 13 as if fully restated herein.

15.    MAYTAG denies the allegations contained in paragraph number 15 of the Complaint.

2

16.     MAYTAG denies the allegations contained in paragraph number 16 of the Complaint.

17.     MAYTAG denies the allegations contained in paragraph number 17 of the Complaint.

18.     MAYTAG denies the allegations contained in paragraph number 18 of the Complaint.

## FOR A SECOND CAUSE OF ACTION AGAINST THE
## DEFENDANT, MAYTAG CORPORATION

19.     In response to the averments contained in Paragraph 19 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 18 as if fully restated herein.

20.     MAYTAG denies the allegations contained in paragraph number 20 of the Complaint.

21.     MAYTAG denies the allegations contained in paragraph number 21 of the Complaint.

22.     MAYTAG denies the allegations contained in paragraph number 22 of the Complaint.

## FOR A THIRD CAUSE OF ACTION AGAINST THE
## DEFENDANT, MAYTAG CORPORATION

23.     In response to the averments contained in Paragraph 23 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 22 as if fully restated herein.

24.     MAYTAG denies the allegations contained in paragraph number 24 of the Complaint.

25.     MAYTAG denies the allegations contained in paragraph number 25 of the Complaint.

## FOR A FIRST CAUSE OF ACTION AGAINST THE
## DEFENDANT, HOME DEPOT

26.     In response to the averments contained in Paragraph 26 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 25 as if fully restated herein.

27.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 27 of the Complaint.

28.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 28 of the Complaint.

29.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 29 of the Complaint.

## FOR A SECOND CAUSE OF ACTION AGAINST THE
## DEFENDANT, HOME DEPOT

30.     In response to the averments contained in Paragraph 30 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 29 as if fully restated herein.

31.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 31 of the Complaint.

32.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 32 of the Complaint.

33.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 33 of the Complaint.

## FOR A THIRD CAUSE OF ACTION AGAINST THE
## DEFENDANT, HOME DEPOT

34.     In response to the averments contained in Paragraph 34 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 33 as if fully restated herein.

35.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 35 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, any damages complained of by plaintiffs were caused, wholly or in part, by the conduct or negligence of others, not including the answering defendant, and by reason thereof, any damages to which the plaintiffs otherwise might be entitled should be reduced in part or barred in full depending upon the relative culpability of all tortfeasors whether named or unnamed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs' insured expressly and/or impliedly assumed the risk inherent in the activity in which they were engaged in, at the time any damages were allegedly incurred.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the plaintiffs incurred any damages as alleged in the complaint, plaintiffs incurred such damages as a result of comparative and/or contributory negligence of the plaintiffs' insured, without any negligence, strict products liability or breach of warranty on the part of the answering defendant.

That any damages to which the plaintiffs may become entitled should be diminished in the same proportion as to plaintiffs' insured's own negligence and/or culpable conduct bears to the total negligence and/or conduct responsible for the damages sustained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, if the plaintiffs incurred any damages alleged in the complaint, these damages were incurred solely by the misuse of the product identified in the complaint without any negligence or strict liability or breach of warranty on the part of the answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, if the plaintiffs incurred any damages in the complaint, such damages were incurred wholly as a result modification of the product

1228375.1

identified in the complaint without any negligence, strict product liability or breach of warranty on behalf of the answering defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages and occurrences alleged in the complaint were the result of an independent and intervening cause or causes of which the answering defendant had no control or in anyway participated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may thereafter be given a release or a covenant not to sue, the answering defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against that defendant.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, defendant is entitled to an offset for plaintiffs' recovery from any collateral source.

## AS AND FOR MAYTAG CORPORATION'S FIRST CROSS-CLAIM AGAINST HOME DEPOT

1.    Upon information and belief, if the above entitled plaintiff and/ or its insured, were caused to sustain damages at the time and place set forth in the Complaint, through any carelessness, recklessness, negligence, omission, breach of contract, breach of warranty and/or strict liability as may be alleged in the Complaint, other than the plaintiff's own carelessness, recklessness, negligence, omission, breach of contract and/or breach of warranty, said damages were sustained by reason of the carelessness, recklessness, negligence, omission, breach of contract, breach of warranty of co-defendant, **HOME DEPOT**, their agents, servants and/or employees;

2. Further, if the plaintiffs should recover judgment against defendant **MAYTAG CORPORATION**, then co-defendant **HOME DEPOT** shall be held liable to

defendant **MAYTAG CORPORATION** for the full amount of said judgment, or on the basis of apportionment of responsibility for the alleged occurrence defendant, **MAYTAG CORPORATION**, is entitled to common law indemnification and/or contractual indemnification from and judgment over and against defendant, **HOME DEPOT**, for all or any part of any verdict or judgment which the plaintiffs may recover in such amounts as a jury or Court may direct.

3.    By reason of this action, MAYTAG CORPORATION has been and will be put to costs and expenses including attorneys' fees, to which reimbursement will be sought from co-defendant **HOME DEPOT**.

## AS AND FOR MAYTAG CORPORATION'S SECOND CROSS-CLAIM AGAINST HOME DEPOT

1.    Furthermore, upon information and belief, if the plaintiff recovers from defendant, MAYTAG CORPORATION, after trial, then defendant, MAYTAG CORPORATION, will have been injured and seeks as and for a cross-claim, indemnification for any and all amounts which defendant, MAYTAG CORPORATION, may have to pay, or in the alternative, contribution towards any and all amounts defendant, MAYTAG CORPORATION, may have to pay and that defendant, MAYTAG CORPORATION, have judgment over and against defendant, HOME DEPOT, together with the costs, expenses and disbursements incurred in the defense of this action.

7

Dated: White Plains, New York
       August 3, 2006

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Thomas M. DeMicco (TD 5037)
Attorneys for Defendant
MAYTAG CORPORATION
3 Gannett Drive
White Plains, New York 10604-3407

TO:    John R. Casey
       Hiscock & Barclay, LLP
       Attorneys for Plaintiff
       50 Beaver Street
       Albany, New York 12207-2830
       518-434-2163

       Home Depot USA, Inc.
       Legal Department
       Fax No.: 770-384-3041

8

1228375.1

## CERTIFICATE OF SERVICE

THOMAS M. DEMICCO, an attorney duly admitted to practice before this Court, hereby certifies that on the 3rd day of August, 2006, I caused true and correct copies of MAYTAG'S ANSWER TO PLAINTIFFS' COMPLAINT to be served at the address designated by said attorneys for that purpose via:

**FEDERAL EXPRESS**
John R. Casey
Hiscock & Barclay, LLP
Attorneys for Plaintiff
50 Beaver Street
Albany, New York 12207-2830
518-434-2163

**VIA FACSIMILE**
Home Depot USA, Inc.
Legal Department
Fax No.: 770-384-3041

Dated: White Plains, New York
         August 3, 2006


THOMAS M. DEMICCO (TD 5037)

1221015.1