UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

HOME DEPOT, U.S.A., INC.,

                     Plaintiff,

      -against-

CHUBB GROUP OF INSURANCE COMPANIES
and FEDERAL INSURANCE COMPANY,

                    Defendant.
----------------------------------------------------------------x

**Case No. 07 CV 3502**

**AMENDED
COMPLAINT**

**JURY TRIAL
REQUESTED**

MAY 0 7 2007

Plaintiff HOME DEPOT, U.S.A., INC., by its attorneys, Herzfeld & Rubin, P.C.,

complaining of the Defendants CHUBB GROUP OF INSURANCE COMPANIES and

FEDERAL INSURANCE COMPANY, alleges, upon information and belief, as follows:

### PARTIES AND JURISDICTION

       1.     At all relevant times, Plaintiff HOME DEPOT, U.S.A., INC. (hereinafter

"HOME DEPOT") was and is a corporation organized and existing under the laws of the State of

Delaware.

       2.     At all relevant times, HOME DEPOT'S principal place of business is

located in the State of Georgia.

       3.     At all relevant times, Defendant CHUBB GROUP OF INSURANCE

COMPANIES (hereinafter "CHUBB") was and is an insurance company organized and existing

under the laws of the State of New Jersey.

       4.     At all relevant times, CHUBB'S principal place of business is located in

the State of New Jersey.

5.    At all relevant times, Defendant FEDERAL INSURANCE COMPANY was and is an insurance company organized and existing under the laws of the State of New Jersey.

6.    At all relevant times, FEDERAL INSURANCE COMPANY'S principal place of business is located in the State of Indiana.

7.    The amount in controversy is $100,000 as stated in the complaint filed by the plaintiff in a related matter which serves as the basis for this action.

8.    This Court has original jurisdiction to determine this controversy pursuant to 28 U.S.C. §1332(a).

## THE HARLEYSVILLE ACTION

9.    On June 5, 2006, Harleysville Insurance Company of New York, as the subrogee of its insured, Coachlight Square on the Hudson Condominium Association, commenced an action against HOME DEPOT and MAYTAG CORPORATION (hereinafter "the Harleysville action.")

10.    The Harleysville action was commenced in the Supreme Court of the State of New York, Westchester County, under Index Number 10455/06 and was removed to U.S. District Court for the Southern District of New York under Civil Case Number 06 CIV 5612.

11.    Annexed hereto as Exhibit "A", without admitting the truth of any allegation contained therein, is a copy of the summons and verified complaint in the Harleysville action. Annexed hereto as Exhibit "B" are copies of the answers served by all defendants HOME DEPOT and MAYTAG CORPORATION in the Harleysville action.

12. According to the complaint in the Harleysville action, Coachlight Square on the Hudson Condominium Association made a claim pursuant to a property fire insurance policy issued by Harleysville Insurance Company of New York. The loss arose from a fire at premises owned or operated by Coachlight Square on the Hudson Condominium Association, Montrose, New York, on April 2, 2005.

13. According to the complaint in the Harleysville action, Harleysville Insurance Company of New York paid $100,000 to its insured, Coachlight Square on the Hudson Condominium, in accordance with its property fire insurance policy.

14. According to the complaint in the Harleysville action, the fire and resulting damages were caused by a clothing dryer designed and manufactured by MAYTAG CORPORATION and sold by HOME DEPOT.

15. HOME DEPOT has admitted that it sold the dryer which is the subject of the Harleysville action.

16. MAYTAG CORPORATION disclosed during the course of the Harleysville action that Samsung Electronics Co., Ltd. manufactured the relevant dryer and that Samsung Electronics Co., Ltd. has therefore assumed MAYTAG CORPORATION'S defense and indemnification.

17. MAYTAG CORPORATION disclosed during the course of the Harleysville action that Samsung Electronics Co., Ltd. is an insured under CHUBB Policy Number 3517-14-11OID effective from June 13, 2004 to June 13, 2005 ("CHUBB Policy").

18. The CHUBB policy was issued by FEDERAL INSURANCE COMPANY, a member of CHUBB GROUP OF INSURANCE COMPANIES.

19.    MAYTAG CORPORATION disclosed during the course of the Harleysville action that CHUBB is defending and indemnifying MAYTAG CORPORATION in connection with that action.

20.    HOME DEPOT is an insured under the CHUBB Policy.

21.    Upon information and belief, the CHUBB Policy contains an endorsement which provides liability coverage to vendors who sell or distribute products manufactured by the CHUBB insured.

22.    HOME DEPOT is a vendor entitled to liability coverage from CHUBB and FEDERAL INSURANCE COMPANY pursuant to the aforementioned endorsement, among other possible grounds.

23.    CHUBB and FEDERAL INSURANCE COMPANY received timely notice of the occurrence upon which the Harleysville action is based from MAYTAG CORPORATION and/or other sources.

24.    CHUBB and FEDERAL INSURANCE COMPANY received timely notice of the commencement of the Harleysville action from MAYTAG CORPORATION and/or other sources.

25.    CHUBB and FEDERAL INSURANCE COMPANY received timely notice of HOME DEPOT's request for defense and indemnification in connection with the Harleysville action.

26.    CHUBB and FEDERAL INSURANCE COMPANY have failed and/or refused to comply with its contractual obligation under the CHUBB policy to defend and indemnify HOME DEPOT in connection with the Harleysville action.

27.    CHUBB and FEDERAL INSURANCE COMPANY have failed or refused to respond to HOME DEPOT'S demand that it defend and indemnify HOME DEPOT.

28.    An actual controversy has arisen and now exists between HOME DEPOT, CHUBB and FEDERAL INSURANCE COMPANY with respect to the rights and duties of each under the terms of the CHUBB policy. HOME DEPOT contends that it is entitled to a defense and indemnity in connection with the Harleysville action. CHUBB and FEDERAL INSURANCE COMPANY have failed to acknowledge their duty to defend and indemnify HOME DEPOT with respect to the Harleysville action.

29.    A judicial declaration is necessary as to HOME DEPOT'S rights and CHUBB and FEDERAL INSURANCE COMPANY'S obligations under the CHUBB policy with respect to coverage for the Harleysville action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Relief)

30.    HOME DEPOT incorporates by reference the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31.    By reason of the foregoing, HOME DEPOT is entitled to a declaration that CHUBB and FEDERAL INSURANCE COMPANY are required to defend HOME DEPOT in the Harleysville action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Relief)

32.    HOME DEPOT incorporates by reference the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33.    By reason of the foregoing, HOME DEPOT is entitled to a declaration that CHUBB and FEDERAL INSURANCE COMPANY are required to indemnify HOME DEPOT in the Harleysville action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Declaratory Relief)

34.    HOME DEPOT incorporates by reference the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35.    By reason of the foregoing, HOME DEPOT is entitled to a declaration that CHUBB and FEDERAL INSURANCE COMPANY are required to reimburse HOMDE DEPOT for fees, costs and expenses incurred in defending the Harleysville action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Breach of Contract)

36.    HOME DEPOT incorporates by reference the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

37.    CHUBB and FEDERAL INSURANCE COMPANY have breached their insurance agreement with HOME DEPOT by their failure and refusal to honor its duties and obligations to defend and indemnify HOME DEPOT for liability and costs incurred in connection with the Harleysville action.

38.    As a direct result of the breach of the insurance agreement by CHUBB and FEDERAL INSURANCE COMPANY, HOME DEPOT has been damaged and will continue to suffer damages in connection with the Harleysville action.

39.    By reason of the foregoing, HOME DEPOT will be damaged in the amount of all sums expended on its behalf in defense of the Harleysville action and all amounts, if any, in any adjudication or resolution thereof together with interest thereon.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Declaratory Relief)

40.    HOME DEPOT incorporates by reference the allegations contained in paragraphs 1 through 39 as though fully set forth herein.

41.    HOME DEPOT is entitled to a declaration that CHUBB and FEDERAL INSURANCE COMPANY have waived any right they may have had to disclaim coverage and all their policy defenses pursuant to N.Y. Insurance Law §3420, and are required to defend and indemnify HOME DEPOT and reimburse fees, costs and expenses incurred by HOME DEPOT to the Harleysville action.

## JURY DEMAND

42.    Plaintiff requests a jury trial on each of the allegations.

WHEREFORE, Plaintiff HOME DEPOT prays for judgment in its favor and against Defendants CHUBB GROUP OF INSURANCE COMPANIES and FEDERAL INSURANCE COMPANY as follows:

(A)    With respect to the CHUBB policy, a declaration:

(i)    that CHUBB and FEDERAL INSURANCE COMPANY are obligated to defend HOME DEPOT and to pay all costs and expenses incurred or to be incurred in connection with the defense of the Harleysville action;

(ii)    that CHUBB and FEDERAL INSURANCE COMPANY are obligated to indemnify HOME DEPOT and to pay any amounts which may be awarded against or paid in settlement by or on behalf of HOME DEPOT in the Harleysville action;

(iii)    that CHUBB and FEDERAL INSURANCE COMPANY are obligated to reimburse HOME DEPOT for all fees, costs and expenses incurred or to be incurred in connection with the defense of the Harleysville action;

(B)    for compensatory damages for breach of contract against CHUBB and FEDERAL INSURANCE COMPANY, consisting of all damages, costs and payments incurred or which will be incurred by HOME DEPOT in connection with the Harleysville action, including attorney's fees, expert fees, investigative costs, and amounts which may be paid in settlement or awarded in judgment;

(C)    for costs of the suit incurred herein;

(D)    for pre- and post-judgment interest at the legal rate;

(E)    for attorney's fees to the extent permitted by applicable law and/or agreement; and

(F)    for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
May 7, 2007                    HERZFELD & RUBIN, P.C.
                               Attorneys for Plaintiff
                               Home Depot, U.S.A., Inc.

              By:    _____
                               Jeffrey L. Chase
                               40 Wall Street
                               New York, New York 10005
                               (212) 471-8500

Exhibit A

STATE OF NEW YORK
SUPREME COURT           COUNTY OF WESTCHESTER

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
as Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

                                    Plaintiff,                    **SUMMONS**

        -against-                                         Index No.: 06 - 10455

THE HOME DEPOT, U.S.A., INC.                              Date Filed: 6-05-06
Mohegan Lake, New York, 10547
        and
MAYTAG CORPORATION,
403 West 4th Street North,
Newton, Iowa 50208,

                                    *Defendants.*

RECEIVED

JUN - 5 2006

... OT. IY C. IDONI
... Y CLERK
COUNTY OF ...STCHESTER

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to

the complaint in this action within twenty days after the service of this summons, exclusive of the day of

service, or within thirty days after service is complete if this summons is not personally delivered to you

within the State of New York.  In case of your failure to answer, judgment will be taken against you by

default for the relief demanded in the complaint.

**DATED:**  May 25, 2006

                        HISCOCK & BARCLAY, LLP

                        By: _____
                                John R. Casey

                        Attorneys for Plaintiff
                        Office and Post Office Address
                        50 Beaver Street
                        Albany, New York 12207-2830
                        Telephone: (518) 434-2163

Trial is desired in the County of Westchester.
The basis of venue designated above is that
plaintiff's insured has its principal place of
business in the County of Westchester.

ALLIB01\138899\1
302077-3013873

HISCOCK & BARCLAY, LLP

STATE OF NEW YORK
SUPREME COURT              COUNTY OF WESTCHESTER

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
as Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

                                      *Plaintiff,*                           COMPLAINT

          -against-                                          Index No.

THE HOME DEPOT, U.S.A., INC.
and MAYTAG CORPORATION,

                                      *Defendants.*

Plaintiff, Harleysville Insurance Company of New York as subrogee of Coachlight Square On The
Hudson Condominium Association, for a complaint against the defendants, The Home Depot, U.S.A., Inc.
and Maytag Corporation, by its attorneys, Hiscock & Barclay, LLP, alleges:

1.      At all times hereinafter mentioned, the plaintiff was an insurance company duly organized
and existing under and by virtue of the laws of the State of New York and authorized to transact business in
the State of New York.

2.      At all times hereinafter mentioned, Coachlight Square On The Hudson Condominium
Association, was and still is an unincorporated association organized and existing under and by virtue of the
laws of the State of New York, with a principal place of business located at Coachlight Square, Montrose,
Westchester County, New York.

3.      Prior to the 2nd day of April, 2005, the plaintiff issued a policy of property fire insurance to
its insured, Coachlight Square On The Hudson Condominium Association, insuring the property owned and
operated by Coachlight Square On The Hudson Condominium Association located at Coachlight Square,
Montrose, Westchester County, New York.

4. At all times hereinafter mentioned, defendant, The Home Depot, U.S.A., Inc. (hereinafte "Home Depot") was and still is a foreign corporation duly authorized and licensed to transact business and/o: transacting business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant, Maytag Corporation, was and still is a foreign corporation duly authorized and licensed to transact business in the State of New York.

6. At all times hereinafter mentioned, plaintiff was the owner of a certain building and premises known as Coachlight Square on the Hudson, consisting of condominium units.

7. Upon information and belief, prior to the 2nd day of April, 2005, defendant, Home Depot, sold a certain Maytag electric dryer to Paul Grillo, an owner and occupant of one of the condominium units located at Coachlight Square.

8. Upon information and belief, prior to the 2nd day of April, 2005, defendant, Home Depot, delivered and installed the aforesaid electric dryer in the unit owned and occupied by the said Paul Grillo, to wit, Unit 114, Coachlight Square.

9. Upon information and belief, the aforesaid electric dryer was designed, manufactured, distributed and sold to Home Depot by the defendant, Maytag Corporation.

10. On or about the 2nd day of April, 2005, the aforesaid electric dryer malfunctioned while in use in Unit 114, Coachlight Square, resulting in a fire.

11. The aforesaid fire caused substantial damage to the Coachlight Square Condominiums.

12. As a result of the foregoing, the plaintiff was obligated to indemnify its insured, Coachlight Square On The Hudson Condominium Association for the damages sustained to its property pursuant to the policy of insurance issued by the plaintiff to its insured.

13. As a result of the foregoing, plaintiff is subrogated to the rights of its insured with respect to

ALLIB01\3589941
302077-3013873

2

the loss and damage sustained.

### FOR A FIRST CAUSE OF ACTION AGAINST THE
### DEFENDANT, MAYTAG CORPORATION

14.     Repeats and realleges each and every allegation contained in the foregoing complaint as i. herein fully set forth.

15.     Upon information and belief, the defendant, Maytag Corporation, designed, manufactured, distributed and sold the aforesaid electric dryer.

16.     Upon the sale of the aforesaid electric dryer, the defendant, Maytag Corporation, made certain express and implied warranties, among other things, that the aforesaid electric dryer was of merchantable quality, was fit for the purpose for which intended, was free from defects of material and workmanship and was in all respects safe for use as an electric dryer.

17.     The aforesaid warranties were untrue, breached and violated in that the said electric dryer was not of merchantable quality, was not fit for the particularly purpose for which intended, was not free from defects of material and workmanship and it was not safe for use as an electric dryer and was, in fact, defective.

18.     As a result of the foregoing defects then and there existing, the said electric dryer malfunctioned on or about the 2nd day of April, 2005 resulting in the aforesaid loss and damage.

### FOR A SECOND CAUSE OF ACTION AGAINST THE
### DEFENDANT, MAYTAG CORPORATION

19.     Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

20.     Defendant, Maytag Corporation, was negligent in the design, manufacture, distribution and

sale of the aforesaid electric dryer.

21.    The negligence of the defendant, Maytag Corporation, it authorized officers, directors, agents, servants, employees and subcontractors, consisted, among other things, in then and there failing to properly design, manufacture, distribute and sell the said electric dryer, in failing to properly inspect the electric dryer, in failing to correct the dangers then and there existing, and in failing to utilize property quality control procedures.

22.    As a result of the foregoing, plaintiff sustained loss and damage as aforesaid.

## FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

23.    Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

24.    The aforesaid electric dryer was defective.

25.    Defendant, Maytag Corporation, is strictly liable for the aforesaid loss and damage.

## FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

26.    Repeats and realleges each and every allegation contained in the foregoing complaint as if herein fully set forth.

27.    Upon the sale of the aforesaid dryer, defendant, Home Depot, made certain express and implied warranties, among other things, that the aforesaid electric dryer was of a merchantable quality, was fit for the particular purpose for which intended, was free from defects of material and workmanship and was in all respects safe for its intended use as an electric dryer.

28.    Upon information and belief, the aforesaid warranties were untrue, breached and violated in

HISCOCK & BARCLAY, LLP

that the aforesaid electric dryer was not of merchantable quality, was not fit for the purpose of whic

intended, was not free from defects of material and workmanship and was defective and dangerous and no

safe for the intended use as an electric dryer.

29.     As a result of the aforesaid breaches and violations of warranty on the part of the defendant

Home Depot, the plaintiff sustained loss and damage to its condominium units in the sum of $100,000.00.

## FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

30.     Repeats and realleges each and every allegation contained in the foregoing complaint as if

herein fully set forth.

31.     Defendant, Home Depot, its duly authorized officers, directors, agents, servants and

employees, were negligent in the sale, delivery and installation of the aforesaid electric dryer.

32.     The negligence of the defendant, Home Depot, its authorized officer, directors, agents,

servant, employees and subcontractors, consisted, among other things, in then and there failing to properly

inspect the aforesaid electric dryer, in failing to install the aforesaid electric dryer properly, in failing to

utilize the appropriate electric appliance cord for the electric dryer, failing to warn the plaintiff and other

users of the electric dryer of the dangers and defects then and there existing, and the defendant was otherwise

negligent.

33.     As a result of the foregoing, plaintiff sustained loss and damage as aforesaid.

## FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

34.     Repeats and realleges each and every allegation contained in the foregoing complaint as if

herein fully set forth.

35.    The defendant, Home Depot, is strictly liable for the aforesaid loss and damage.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of $100,000, together with interest thereon from the 2nd day of April, 2005, together with the costs and disbursements of the within action.

DATED:    May 26, 2006                    HISCOCK & BARCLAY, LLP

                                          By: _____
                                                  John R. Casey

                                          Attorneys for Plaintiff
                                          Office and Post Office Address
                                          50 Beaver Street
                                          Albany, New York  12207-2830
                                          Telephone:  (518) 434-2163

HISCOCK & BARCLAY, LLP

ALLIBO1\13889\1
302077-3013873

6

Index No. 06-10485

STATE OF NEW YORK
SUPREME COURT                                    COUNTY OF WESTCHESTER

---

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
as Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

                                                                        Plaintiff,

                              -against-

THE HOME DEPOT, U.S.A., INC.
and MAYTAG CORPORATION,

                                                                        Defendants.

---

### SUMMONS AND COMPLAINT

---

*Hiscock & Barclay, LLP*
Attorneys for Plaintiff
50 Beaver Street
Albany, New York 12207-2830
(518) 434-2163

---

*PLEASE TAKE NOTICE*

☐              that the within is a (certified) true copy of
NOTICE OF    entered in the office of the clerk of the within named Court on
ENTRY

*DATED:*

*TO:*
        Attorney for .

                    *Hiscock & Barclay, LLP*
                    Attorneys for

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------

HARLEYSVILLE INSURANCE COMPANY OF               06 CIV 5612 (SCR)
NEW YORK, as Subrogee of COACHLIGHT
SQUARE ON THE HUDSON CONDOMINIUM
ASSOCIATION,

                              Plaintiff,

            -against-                            ANSWER
                                                WITH CROSS-CLAIMS

THE HOME DEPOT, U.S.A., INC.,
Mohegan Lake, New York, 10547
And MAYTAG CORPORATION, 403 West
4th Street North, Newton,
Iowa 50208,

                              Defendants.
------------------------------------------

          Defendant, HOME DEPOT U.S.A., INC. s/h/a THE HOME

DEPOT, U.S.A., INC., Mohegan Lake, New York, 10547 (hereinafter

"HOME DEPOT"), by its attorneys, SIMMONS, JANNACE & STAGG,

L.L.P., as and for its answer with cross-claims to the

complaint of plaintiff, responds as follows:

          1.   Denies knowledge and information sufficient to form a

belief as to the truth of the allegations contained in numbered

paragraph "1" of the complaint.

          2.   Denies knowledge and information sufficient to form a

belief as to the truth of the allegations contained in numbered

paragraph "2" of the complaint.

                                1

3.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "3" of the complaint.

4.    Admits the allegations contained in numbered paragraph "4" of the complaint.

5.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "5" of the complaint.

6.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "6" of the complaint.

7.    Denies the allegations contained in numbered paragraph "7" of the complaint.

8.    Denies the allegations contained in numbered paragraph "8" of the complaint.

9.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "9" of the complaint.

10.    Denies the allegations contained in numbered paragraph "10" of the complaint.

11.    Denies the allegations contained in numbered paragraph "11" of the complaint.

12.    Denies the allegations contained in numbered paragraph "12" of the complaint.

13.  Denies the allegations contained in numbered paragraph "13" of the complaint.

## RESPONSE TO FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

14.  Repeats  and  realleges  the  answers  to  numbered paragraphs "1" to "13" as fully set forth herein.

15.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "15" of the complaint.

16.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "16" of the complaint.

17.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "17" of the complaint.

18.  Denies the allegations contained in numbered paragraph "18" of the complaint.

## RESPONSE TO SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

19.  Repeats  and  realleges  the  answers  to  numbered paragraphs "1" to "18" as fully set forth herein.

20.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "20" of the complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "21" of the complaint.

22. Denies the allegations contained in numbered paragraph "22" of the complaint.

## RESPONSE TO THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, MAYTAG CORPORATION

23. Repeats and realleges the answers to numbered paragraphs "1" to "22" of the complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "24" of the complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "25" of the complaint.

## RESPONSE TO FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, HOME DEPOT

26. Repeats and realleges the answers to numbered paragraphs "1" to "25" as fully set forth herein.

27. Denies the allegations contained in numbered paragraph "27" of the complaint.

28. Denies the allegations contained in numbered paragraph "28" of the complaint.

29. Denies the allegations contained in numbered paragraph "29" of the complaint.

4

## RESPONSE TO SECOND CAUSE OF ACTION AGAINST
## THE DEFENDANT, HOME DEPOT

30. Repeats and realleges the answers to numbered paragraphs "1" to "29" as fully set forth herein.

31. Denies the allegations contained in numbered paragraph "31" of the complaint.

32. Denies the allegations contained in numbered paragraph "32" of the complaint.

33. Denies the allegations contained in numbered paragraph "33" of the complaint.

## RESPONSE TO THIRD CAUSE OF ACTION AGAINST
## THE DEFENDANT, HOME DEPOT

34. Repeats and realleges the answers to numbered paragraphs "1" to "33" as fully set forth herein.

35. Denies the allegations contained in numbered paragraph "35" of the complaint.

36. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause."

37. Defendant HOME DEPOT demands that liability, if any, be apportioned.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39.   Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injury.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40.   Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or was aggravated by the culpable conduct of plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41.   Upon information and belief, defendant never received actual or constructive notice of any defective or dangerous condition for which it had responsibility, and therefore, it cannot be liable for any alleged injuries sustained by plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42.   Upon information and belief, if plaintiff suffered any damages as alleged in the Complaint, such damages were as a

result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. If plaintiff suffered any damages as a result of the dangerous condition, all of which is denied, then plaintiff failed to mitigate such damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. This defendant will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45. The claims at issue may be barred in whole or I part by the terms, conditions, exclusions and applicable limits of liability agreed to by Paul Grillo.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46. HOME DEPOT may have additional defenses that cannot be articulated due to the generality of the Complaint, the failure of plaintiff to provide information about the underlying actions or claims, the absence of insuring documents, and/or the stage

7

of this litigation. Accordingly, HOME DEPOT reserves the right to supplement the foregoing and to assert additional defenses as may appear after the claims are particularized, and after discovery of information concerning the matters set forth in the Complaint.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST MAYTAG CORPORATION

47. If plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to plaintiff herein, all of which is specifically denied, then said answering defendant is entitled to indemnification from and judgment over and against the aforementioned co-defendant, for all or part of any verdict or judgment that plaintiff may recover against said answering defendant.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST MAYTAG CORPORATION

48. The answering defendant herein demands that the liability, if any, be apportioned and, therefore, the co-defendant will be liable to the answering defendant in the event judgment is recovered by the plaintiff in an amount equal to the excess over and above this answering defendant's equitable share of the judgment. The equitable share of the judgment of the answering defendant will be determined in accordance with the relative culpability of all the defendants herein.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST MAYTAG CORPORATION

49. Upon information and belief, pursuant to the agreement entered into between defendant MAYTAG CORPORATION and this defendant, defendant MAYTAG CORPORATION must defend and indemnify and hold this defendant harmless for any damages recovered by the plaintiff in this action, and accordingly, if the plaintiff herein recovers a verdict against this defendant for personal injuries as alleged in the complaint, MAYTAG CORPORATION will be required to indemnify and reimburse this defendant for its attorneys fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST MAYTAG CORPORATION

50. Upon information and belief, MAYTAG CORPORATION breached its contractual obligation by failing to procure insurance naming defendant HOME DEPOT as an additional insured.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that plaintiff's summons and complaint be dismissed in their entirety, and that defendant be awarded costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Date:     Syosset, New York
          August 16, 2006

                                    SIMMONS, IANNACE & STAGG, L.L.P.

                                    By: _____
                                            KATHRYN FITZGERALD
                                    Attorneys for Defendant
                                    HOME DEPOT U.S.A., INC. s/h/a
                                    THE HOME DEPOT, U.S.A., INC.,
                                    Mohegan Lake, New York, 10547
                                    **Office & P.O. Address:**
                                    75 Jackson Avenue, Suite 100
                                    Syosset, New York 11791-3100
                                    (516) 357-8100

TO:

HISCOCK & BARCLAY, LLP
Attorneys for Plaintiff
**Office & P.O. Address:**
50 Beaver Street
Albany, New York 12207-2830
(518) 434-2163


WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
MAYTAG CORPORATION
**Office & P.O. Address:**
3 Gannett Drive
White Plains, New York 10604-3407

10

## CERTIFICATE OF SERVICE

RE:    HARLEYSVILLE INSURANCE COMPANY OF NEW YORK, ET AL.
       v. HOME DEPOT U.S.A., INC. and MAYTAG CORPORATION
       CIVIL ACTION 06 CIV 5612 (SCR)

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.  I further certify that the service of this **ANSWER WITH CROSS-CLAIMS** was made on August 17, 2006 by:

❑    Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

HISCOCK & BARCLAY, LLP
Attorneys for Plaintiff
**Office & P.O. Address:**
50 Beaver Street
Albany, New York 12207-2830
(518) 434-2163

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
MAYTAG CORPORATION
**Office & P.O. Address:**
3 Gannett Drive
White Plains, New York 10604-3407

Under penalty of perjury, I declare that the foregoing is true and correct.

_Marilyn C. Avondet_
MARILYN C. AVONDET

Sworn to before me this
17th day of August, 2006

_____
NOTARY PUBLIC

SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3139
(516) 357-8100

JANET L. CORSIE
Notary Public, State of New York
No. 01CO6033230
Qualified in Nassau County
Commission Expires Nov. 15, 20 05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK, as
Subrogee of COACHLIGHT SQUARE ON THE HUDSON
CONDOMINIUM ASSOCIATION,

                                                        Plaintiff(s),

        -against-

THE HOME DEPOT, U.S.A., INC., Mohegan Lake, New York, 10547
And MAYTAG CORPORATION, 403 West 4th Street North,
Newton, Iowa 50208,

                                                        Defendant(s).

## ANSWER WITH CROSS-CLAIMS

## SIMMONS, JANNACE & STAGG, L.L.P.

*ATTORNEY(S) for Defendant HOME DEPOT U.S.A., INC.*
Office & Post Office Address
75 JACKSON AVENUE, SUITE 100
SYOSSET, NEW YORK 11791
(516) 357-8100

To

Attorney(s) for

Service a copy of the within        is hereby admitted

Dated,

                Attorney(s) for                                ...................................

Please take notice

**NOTICE OF ENTRY**
☐ that the within is a (certified) true copy of a        duly entered in the office of the clerk of the within named
court on
**NOTICE OF SETTLEMENT**
☐ that an order       of which the within is a true copy will be presented for settlement to the HON.        one of
the judges of the within Court, at

Dated,

                                        Yours, etc.
                                SIMMONS, JANNACE & STAGG, L.L.P.
                                *ATTORNEY(S) for*
                                        Office & Post Office Address
                                        75 JACKSON AVENUE, SUITE 100
                                        SYOSSET, NEW YORK 11791

To

Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x   06 CIV 5612

HARLEYSVILLE INSURANCE COMPANY OF NEW        :
YORK, as Subrogee of COACHLIGHT SQUARE ON
THE HUDSON CONDOMINIUM ASSOCIATION,          :

                 Plaintiffs,          :

      - against -          :          **MAYTAG
                             CORPORATION'S
                             ANSWER TO
THE HOME DEPOT, U.S.A., INC.                 :          PLAINTIFFS'
Mohegan Lake, New York, 10547                           COMPLAINT
      and                          :
MAYTAG CORPORATION
403 West 4th Street North,                   :
Newton, Iowa 50208**

               Defendants.

------------------------------------------------- x

      Defendant MAYTAG CORPORATION (hereinafter "MAYTAG") by its

attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for

their Answer to the Plaintiffs' complaint, dated May 26, 2006, alleges as follows upon

information and belief:

      1.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 1 of the Complaint.

      2.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 2 of the Complaint.

      3.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 3 of the Complaint.

      4.     MAYTAG denies knowledge and information sufficient to form a belief as

to the truth of the allegations contained in paragraph number 4 of the Complaint.

5.     MAYTAG admits the allegations contained in paragraph number 5 of the Complaint.

6.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 6 of the Complaint.

7.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 7 of the Complaint.

8.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 8 of the Complaint.

9.     MAYTAG denies the allegations contained in paragraph number 9 of the Complaint.

10.     MAYTAG denies the allegations contained in paragraph number 10 of the Complaint.

11.     MAYTAG denies the allegations contained in paragraph number 11 of the Complaint.

12.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 12 of the Complaint.

13.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 13 of the Complaint.

## FOR A FIRST CAUSE OF ACTION AGAINST THE
## DEFENDANT, MAYTAG CORPORATION

14.     In response to the averments contained in Paragraph 14 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 13 as if fully restated herein.

15.     MAYTAG denies the allegations contained in paragraph number 15 of the Complaint.

2

16.    MAYTAG denies the allegations contained in paragraph number 16 of the Complaint.

17.    MAYTAG denies the allegations contained in paragraph number 17 of the Complaint.

18.    MAYTAG denies the allegations contained in paragraph number 18 of the Complaint.

## FOR A SECOND CAUSE OF ACTION AGAINST THE
## DEFENDANT, MAYTAG CORPORATION

19.    In response to the averments contained in Paragraph 19 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 18 as if fully restated herein.

20.    MAYTAG denies the allegations contained in paragraph number 20 of the Complaint.

21.    MAYTAG denies the allegations contained in paragraph number 21 of the Complaint.

22.    MAYTAG denies the allegations contained in paragraph number 22 of the Complaint.

## FOR A THIRD CAUSE OF ACTION AGAINST THE
## DEFENDANT, MAYTAG CORPORATION

23.    In response to the averments contained in Paragraph 23 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 22 as if fully restated herein.

24.    MAYTAG denies the allegations contained in paragraph number 24 of the Complaint.

25.    MAYTAG denies the allegations contained in paragraph number 25 of the Complaint.

1228375.1

## FOR A FIRST CAUSE OF ACTION AGAINST THE
## DEFENDANT, HOME DEPOT

26.     In response to the averments contained in Paragraph 26 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 25 as if fully restated herein.

27.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 27 of the Complaint.

28.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 28 of the Complaint.

29.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 29 of the Complaint.

## FOR A SECOND CAUSE OF ACTION AGAINST THE
## DEFENDANT, HOME DEPOT

30.     In response to the averments contained in Paragraph 30 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 29 as if fully restated herein.

31.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 31 of the Complaint.

32.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 32 of the Complaint.

33.     MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 33 of the Complaint.

## FOR A THIRD CAUSE OF ACTION AGAINST THE
## DEFENDANT, HOME DEPOT

34.     In response to the averments contained in Paragraph 34 of the Complaint, MAYTAG incorporates their responses set forth in Paragraphs 1 through 33 as if fully restated herein.

1228375.1

35.    MAYTAG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 35 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, any damages complained of by plaintiffs were caused, wholly or in part, by the conduct or negligence of others, not including the answering defendant, and by reason thereof, any damages to which the plaintiffs otherwise might be entitled should be reduced in part or barred in full depending upon the relative culpability of all tortfeasors whether named or unnamed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs' insured expressly and/or impliedly assumed the risk inherent in the activity in which they were engaged in, at the time any damages were allegedly incurred.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the plaintiffs incurred any damages as alleged in the complaint, plaintiffs incurred such damages as a result of comparative and/or contributory negligence of the plaintiffs' insured, without any negligence, strict products liability or breach of warranty on the part of the answering defendant.

That any damages to which the plaintiffs may become entitled should be diminished in the same proportion as to plaintiffs' insured's own negligence and/or culpable conduct bears to the total negligence and/or conduct responsible for the damages sustained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, if the plaintiffs incurred any damages alleged in the complaint, these damages were incurred solely by the misuse of the product identified in the complaint without any negligence or strict liability or breach of warranty on the part of the answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, if the plaintiffs incurred any damages in the complaint, such damages were incurred wholly as a result modification of the product

5

1228375.1

identified in the complaint without any negligence, strict product liability or breach of warranty on behalf of the answering defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages and occurrences alleged in the complaint were the result of an independent and intervening cause or causes of which the answering defendant had no control or in anyway participated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may thereafter be given a release or a covenant not to sue, the answering defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against that defendant.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, defendant is entitled to an offset for plaintiffs' recovery from any collateral source.

## AS AND FOR MAYTAG CORPORATION'S FIRST CROSS-CLAIM AGAINST HOME DEPOT

1.      Upon information and belief, if the above entitled plaintiff and/ or its insured, were caused to sustain damages at the time and place set forth in the Complaint, through any carelessness, recklessness, negligence, omission, breach of contract, breach of warranty and/or strict liability as may be alleged in the Complaint, other than the plaintiff's own carelessness, recklessness, negligence, omission, breach of contract and/or breach of warranty, said damages were sustained by reason of the carelessness, recklessness, negligence, omission, breach of contract, breach of warranty of co-defendant, **HOME DEPOT**, their agents, servants and/or employees;

2. Further, if the plaintiffs should recover judgment against defendant **MAYTAG CORPORATION**, then co-defendant **HOME DEPOT** shall be held liable to

1228375.1

defendant **MAYTAG CORPORATION** for the full amount of said judgment, or on the basis of apportionment of responsibility for the alleged occurrence defendant, **MAYTAG CORPORATION**, is entitled to common law indemnification and/or contractual indemnification from and judgment over and against defendant, **HOME DEPOT**, for all or any part of any verdict or judgment which the plaintiffs may recover in such amounts as a jury or Court may direct.

3.    By reason of this action, MAYTAG CORPORATION has been and will be put to costs and expenses including attorneys' fees, to which reimbursement will be sought from co-defendant **HOME DEPOT**.

## AS AND FOR MAYTAG CORPORATION'S SECOND CROSS-CLAIM AGAINST HOME DEPOT

1.    Furthermore, upon information and belief, if the plaintiff recovers from defendant, MAYTAG CORPORATION, after trial, then defendant, MAYTAG CORPORATION, will have been injured and seeks as and for a cross-claim, indemnification for any and all amounts which defendant, MAYTAG CORPORATION, may have to pay, or in the alternative, contribution towards any and all amounts defendant, MAYTAG CORPORATION, may have to pay and that defendant, MAYTAG CORPORATION, have judgment over and against defendant, HOME DEPOT, together with the costs, expenses and disbursements incurred in the defense of this action.

7

1228375.1

Dated: White Plains, New York
       August 3, 2006

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:    _____
                           Thomas M. DeMicco (TD 5037)
                           Attorneys for Defendant
                           MAYTAG CORPORATION
                           3 Gannett Drive
                           White Plains, New York  10604-3407

TO:    John R. Casey
       Hiscock & Barclay, LLP
       Attorneys for Plaintiff
       50 Beaver Street
       Albany, New York 12207-2830
       518-434-2163

       Home Depot USA, Inc.
       Legal Department
       Fax No.: 770-384-3041

1228375.1

## CERTIFICATE OF SERVICE

THOMAS M. DEMICCO, an attorney duly admitted to practice before this Court, hereby certifies that on the 3rd day of August, 2006, I caused true and correct copies of MAYTAG'S ANSWER TO PLAINTIFFS' COMPLAINT to be served at the address designated by said attorneys for that purpose via:

**FEDERAL EXPRESS**
John R. Casey
Hiscock & Barclay, LLP
Attorneys for Plaintiff
50 Beaver Street
Albany, New York 12207-2830
518-434-2163

**VIA FACSIMILE**
Home Depot USA, Inc.
Legal Department
Fax No.: 770-384-3041

Dated: White Plains, New York
August 3, 2006

THOMAS M. DEMICCO (TD 5037)

1221015.1