UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x  07 CV 3502
HOME DEPOT, U.S.A., INC.,                                        :

      Plaintiff,                                                 :

  - against -                                                     :
                                                               DEFENDANT'S
CHUBB GROUP OF INSURANCE COMPANIES and  :   ANSWER TO
FEDERAL INSURANCE COMPANY,                       PLAINTIFF'S
                                                              :   AMENDED
      Defendants.                                                COMPLAINT
                                                                                     :

                                                                                     :
------------------------------------------------------------------ x

      Defendants CHUBB GROUP OF INSURANCE COMPANIES (hereinafter "CHUBB") by its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for their Answer to Plaintiff HOME DEPOT, U.S.A., INC., Amended Complaint, dated May 7, 2007, alleges as follows upon information and belief and hereby denies any allegation not admitted herein:

      1.     CHUBB denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 1 of the Amended Complaint and therefore denies the same.

      2.     CHUBB denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 2 of the Amended Complaint and therefore denies the same.

      3.     CHUBB admits the allegations contained in paragraph number 3 of the Amended Complaint.

      4.     CHUBB admits the allegations contained in paragraph number 4 of the Amended Complaint.

5. CHUBB admits the allegations contained in paragraph number 5 of the Amended Complaint.

6. CHUBB admits the allegations contained in paragraph number 6 of the Amended Complaint.

7. CHUBB denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 7 of the Amended Complaint and therefore denies the same.

8. CHUBB denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 8 of the Amended Complaint and therefore denies the same.

## THE HARLEYSVILLE ACTION

9. CHUBB admits the allegations contained in paragraph number 9 of the Amended Complaint.

10. CHUBB admits the allegations contained in paragraph number 10 of the Amended Complaint.

11. CHUBB denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph number 11 of the Amended Complaint and therefore denies the same.

12. CHUBB denies the allegations contained in paragraph number 12 of the Amended Complaint.

13. CHUBB denies the allegations contained in paragraph number 13 of the Amended Complaint.

14. CHUBB denies the allegations contained in paragraph number 14 of the Amended Complaint.

15. CHUBB admits the allegations contained in paragraph number 15 of the Amended Complaint.

16. CHUBB denies the allegations contained in paragraph number 16 of the Amended Complaint.

17. CHUBB admits the allegations contained in paragraph number 17 of the Amended Complaint.

18. CHUBB admits the allegations contained in paragraph number 18 of the Amended Complaint.

19. CHUBB denies the allegations contained in paragraph number 19 of the Amended Complaint.

20. CHUBB denies the allegations contained in paragraph number 20 of the Amended Complaint.

21. CHUBB denies the allegations contained in paragraph number 21 of the Amended Complaint.

22. CHUBB denies the allegations contained in paragraph number 22 of the Amended Complaint.

23. CHUBB denies the allegations contained in paragraph number 23 of the Amended Complaint.

24. CHUBB denies the allegations contained in paragraph number 24 of the Amended Complaint.

25. CHUBB denies the allegations contained in paragraph number 25 of the Amended Complaint.

26. CHUBB denies the allegations contained in paragraph number 26 of the Amended Complaint.

27. CHUBB denies the allegations contained in paragraph number 27 of the Amended Complaint.

28. CHUBB denies the allegations contained in paragraph number 28 of the Amended Complaint.

29. CHUBB denies the allegations contained in paragraph number 29 of the Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Relief)

30. In response to the averments contained in Paragraph 30 of the Amended Complaint, CHUBB incorporates their responses set forth in Paragraphs 1 through 29 as if fully restated herein.

31. CHUBB denies the allegations contained in paragraph number 31 of the Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Relief)

32. In response to the averments contained in Paragraph 32 of the Amended Complaint, CHUBB incorporates their responses set forth in Paragraphs 1 through 31 as if fully restated herein.

33. CHUBB denies the allegations contained in paragraph number 33 of the Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Relief)

34. In response to the averments contained in Paragraph 34 of the Amended Complaint, CHUBB incorporates their responses set forth in Paragraphs 1 through 33 as if fully restated herein.

35. CHUBB denies the allegations contained in paragraph number 35 of the Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract)

36. In response to the averments contained in Paragraph 36 of the Amended Complaint, CHUBB incorporates their responses set forth in Paragraphs 1 through 35 as if fully restated herein.

37. CHUBB denies the allegations contained in paragraph number 37 of the Amended Complaint.

38. CHUBB denies the allegations contained in paragraph number 38 of the Amended Complaint.

39. CHUBB denies the allegations contained in paragraph number 39 of the Amended Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Declaratory Relief)

40. In response to the averments contained in Paragraph 40 of the Amended Complaint, CHUBB incorporates their responses set forth in Paragraphs 1 through 39 as if fully restated herein.

41. CHUBB denies the allegations contained in paragraph number 41 of the Amended Complaint.

## JURY DEMAND

42. CHUBB joins in plaintiff's request for a jury demand.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, that the action herein or a portion thereof has not been brought within those time limitations prescribed by law and is time barred.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

There is no privity of contract or mutuality of agreement between plaintiffs and the answering defendant entitling the plaintiffs to any of the relief requested in the complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The answering defendant's liability is limited by the provisions of NY General Obligations law section 15-108.

1689214.1

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The insurance/indemnity provisions contained in the contract relied upon by plaintiff in its complaint are in violation of the NY General Obligations Law and are void and unenforceable as being against public policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff failed to comply with its obligations and responsibilities under the applicable policy, including but not limited to, its failure to timely notify the answering defendant of an occurrence and/or claim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant complied with all of the terms and provisions of the contract(s), applicable to them, which are relied upon by plaintiff in instituting the present action.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff waived its right to contribution for the underlying action by failing to comply with all the obligations, covenants and conditions precedent and subsequent under the policy of insurance issued by Chubb.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That plaintiff's claims against answering defendant are barred in whole or in part by exclusions, limits of liability and other terms, conditions and definitions contained in the policy of insurance issued by Chubb.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensible parties to this action.

Dated: White Plains, New York
       September 13, 2007

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

              By: _____
                  Thomas M. DeMicco (TD 5037)
                  Attorneys for Defendants
                  3 Gannett Drive
                  White Plains, New York 10604-3407
                  Tel No. 914-323-7000

TO:

Natalie Lefkowitz, Esq.
Herzfeld & Rubin, PC
40 Wall Street
New York, NY 10005
Counsel for Home Depot

## CERTIFICATE OF SERVICE

      THOMAS M. DEMICCO, an attorney duly admitted to practice before this Court, hereby certifies that on the 14th day of September, 2007, I caused true and correct copies of DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT to be served at the address designated by said attorneys for that purpose by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name, and also via facsimile on September 13, 2007:

Natalie Lefkowitz, Esq.
Herzfeld & Rubin, PC
40 Wall Street
New York, NY 10005
Counsel for Defendant Home Depot


Dated: White Plains, New York
       September 14, 2007

                                              THOMAS M. DEMICCO (TD 5037)

1691158.1